USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2 9 MAR 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS MERCADO,

                           Petitioner

    -v-

WILLIAM H. PHILLIPS, Superintendent,
Green Haven Correctional Facility,

                         Respondent.

MEMORANDUM DECISION
AND ORDER
04 CV 02204 (GBD) (MHD)

GEORGE B. DANIELS, District Judge:

    *Pro se* Petitioner Luis Mercado brought this writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that his conviction and incarceration violate the United States Constitution because: (Claim 1) the trial court denied him a fair trial by ruling that the prosecutor could cross-examine him on prior criminal conduct; (Claim 2) he was denied his right to be present for a portion of the jury-selection process; and (Claim 3) he was denied effective assistance of appellate counsel. This Court referred the matter to Magistrate Judge Michael H. Dolinger for a Report and Recommendation ("Report").

    Magistrate Judge Dolinger issued a Report recommending that the petition be denied and dismissed with prejudice. The Magistrate Judge determined that Claim 1 is not cognizable on habeas review because Petitioner did not testify at trial and thus failed to raise and preserve the issue. The Magistrate Judge determined that Claim 2 is meritless because Petitioner waived his right to be present for side-bar discussions with potential jurors. Finally, the Magistrate Judge determined that Claim 3 is meritless because the identified conduct does not constitute constitutionally inadequate performance and because Petitioner made no showing of prejudice.

    The Court may accept, reject or modify, in whole or in part, the findings and

1

recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Dolinger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This Court has received no objections, and the time to do so has expired. After carefully reviewing the Report, the Court finds that the Report is not facially erroneous, and adopts the Report in its entirety. Accordingly, the writ is denied and the petition dismissed.

As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. s 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir.1998); United States v. Perez, 129 F.3d 255, 259-060 (2d Cir.1997); Lozada v. United States, 107 F.3d 1011 (2d Cir.1997). Moreover, the Court certifies pursuant to 28 U.S.C. s 1915(a)(3) that any appeal from this order would not be taken in good faith. See

<u>Malley v. Corporation Counsel of the City of New York</u>, 9 Fed. Appx. 58, 60 (2d Cir.2001).

Dated: New York, New York
       March 29, 2011

SO ORDERED:

*[signature: George B. Daniels]*

GEORGE B. DANIELS
United States District Judge
